**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 92-4652

---

U.S. DEPARTMENT OF JUSTICE,
IMMIGRATION AND NATURALIZATION
SERVICE,

Petitioner/Cross-
Respondent,

versus

FEDERAL LABOR RELATIONS AUTHORITY,

Respondent/Cross-
Petitioner.

---

Petition for Review and Cross-Application for Enforcement
of an Order of the Federal Labor Relations Authority
(June 25, 1993)

---

Before POLITZ, Chief Judge, REAVLEY and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

The United States Immigration and Naturalization Service seeks review of the determination by the Federal Labor Relations Authority that it committed an unfair labor practice. The FLRA seeks enforcement of its order. For the reasons assigned, we grant the petition for review in part and order enforcement in part.

Background

This dispute has its genesis in revisions by the INS in its policy on the use of firearms by employees. Negotiations between the agency and the employees' collective bargaining representatives, the National Border Patrol Council and the National Immigration and Naturalization Service Council of the American Federation of Government Employees AFL-CIO, concluded with several unresolved disputes. The INS contended that six proposals advanced by the unions were nonnegotiable because they addressed matters reserved to management's discretion. After mediation was deemed likely to be ineffective, the unions asked the Federal Service Impasses Panel to review the matter. Before the Impasses Panel acted, however, the INS implemented its revisions, both those agreed upon and those in dispute. The Impasses Panel thereafter determined that it did not have jurisdiction because negotiability was controverted. At the unions' request, the FLRA reviewed the negotiability of the six proposals and determined that only Proposal 5 and portions of Proposals 1 and 2 were negotiable. The INS sought our review of the negotiability of Proposal 5. In a decision rendered on October 20, 1992, we ruled that Proposal 5 was not negotiable.[1]

Shortly after seeking FLRA review of the negotiability issue, the unions brought unfair labor practice charges against the INS for implementing the revisions before the Impasses Panel had ruled.

---

[1] **Dept. of Justice, INS v. FLRA**, 975 F.2d 218 (5th Cir. 1992).

On April 30, 1992, prior to our decision on the petition for review of the negotiability order, the FLRA decided that the INS had violated section 7116(a)(1), (5), and (6) of the Federal Service Labor-Management Relations Statute.[2] The INS timely petitioned for review and the FLRA cross-applied for enforcement of its order.

## Analysis

The issue before us is whether an agency commits an unfair labor practice by implementing a change in a condition of employment when a union challenge is pending before the Impasses Panel and it is subsequently determined that the change is a nonnegotiable management prerogative. We conclude that neither the agency's refusal to submit to the jurisdiction of the Impasses Panel nor its unilateral implementation of the change is an unfair labor practice.

The Federal Service Labor-Management Relations Statute, part of the Civil Service Reform Act of 1978, was enacted in an effort to make the government function more efficiently and effectively.[3] The legislation codifies the right of federal employees to organize and the duty of management to bargain, but tailors these rights and responsibilities "to meet the special requirements and needs of the

---

[2]    5 U.S.C. §§ 7101 et seq.

[3]    S.Rep. No. 95-969, 95th Cong., 2d Sess. 4, reprinted in 1978 U.S.C.C.A.N. 2723, 2726.

Government."[4]  In section 7101(b) Congress directed that the statute "be interpreted in a manner consistent with the requirement of an effective and efficient Government."[5]

If the parties bargain to impasse and mediation does not resolve their differences, the statute authorizes either side to invoke the services of the Federal Service Impasses Panel.[6]  The Impasses Panel is empowered to impose specific contract terms on the parties "unless [they] agree otherwise."[7]  While a matter is pending before the Impasses Panel, under FLRA rule the parties must maintain the status quo to the extent consistent with the necessary functioning of the agency.[8]  Failure to do so constitutes an unfair labor practice.

Certain matters, however, statutorily are exempted from the scope of mandatory bargaining, including, as pertinent herein, an

---

[4]     5 U.S.C. § 7101(b).

[5]     See also **Dept. of Justice, INS v. FLRA**, 991 F.2d 285 (5th Cir. 1993).

[6]     5 U.S.C. § 7119(b)(1).

[7]     5 U.S.C. § 7119(c)(5)(C); see also **American Federation of Government Employees, AFL-CIO v. FLRA**, 778 F.2d 850 (D.C. Cir. 1985).

[8]     **Dept. of the Treasury, BATF and National Treasury Employees Union**, 18 F.L.R.A. (No. 61) 466 (1985); see also **National Ass'n of Government Employees v. FLRA**, 893 F.2d 380 (D.C. Cir. 1990).

agency's internal security practices and the assignment of work.[9] If management contends that a change falls within an exempted area, the Impasses Panel lacks authority to proceed unless and until the negotiability issues are resolved,[10] subject to a limited exception defined by the FLRA.  We agree with the reasoning of the FLRA as expressed in **Commander Carswell Air Force Base, Texas and AFGE**[11] that the purposes of the statute are best furthered by allowing the Impasses Panel to resolve those disputes involving negotiability that are controlled by existing FLRA precedents.  To that we would add "and existing controlling judicial precedents."

In the case at bar, claiming nonnegotiability the INS implemented its policy revisions before the Impasses Panel declined jurisdiction.  Ultimately it was determined that all of the changes, except for portions of two of the union's proposals, were nonnegotiable.  The INS concedes that it committed an unfair labor practice with respect to implementation of those measures found negotiable, but otherwise it denies wrongdoing.  The FLRA insists that it was an unfair labor practice to implement any of the changes, negotiable or not.

Our 1984 decision in **U.S. Dept. of Justice, INS v. FLRA**[12]

----

[9]     5 U.S.C. § 7106(a)(1), (2)(B).

[10]    **American Federation of Gov't Employees**, <u>supra</u>.

[11]    31 F.L.R.A. (No. 37) 620 (1988).

[12]    727 F.2d 481 (5th Cir. 1984).

5

persuades that the position taken herein by the FLRA is untenable. In the cited case, the INS implemented changes in employment conditions while a representation election was pending. Determining that the changes involved areas reserved to management's discretion, we held that the INS had not committed an unfair labor practice because the FLRA was not authorized to suspend management rights. We therein stated:

> Congress provided specifically in 5 U.S.C. § 7106 that "nothing in this chapter shall affect the authority of any management official of any agency" to exercise the rights reserved to management by that section. . . . By using the word "nothing" . . ., Congress clearly expressed its intent with regard to management's exercise of the rights which had been reserved to it. The use of such words makes it obvious that Congress did not intend to let the Authority decide whether, in its judgment, it was "necessary" for the INS to [make the desired changes] during the pendency of the election. . . . Construing the statute to allow the Authority to promulgate a rule which would bar management from exercising its reserved rights during the pendency of a representation question would hardly lead to an INS which was as effective and efficient as possible.[13]

Similarly here, the position urged by the FLRA would suspend management rights pending Impasses Panel action. Neither the language nor spirit of the statute would so permit.[14] Whereas unilateral implementation during Impasses Panel proceedings of a change that is determined to be negotiable might be an unfair labor practice, we hold that unilateral implementation of a change

---

[13]    727 F.2d at 488.

[14]    We therefore do not accord the deference normally owed to the interpretation of the agency charged with implementing the statute. See **U.S. Dept. of Justice, INS**, 975 F.2d at 225.

determined to be nonnegotiable is not.[15]

The petition for review is GRANTED with respect to Proposal 5. Conversely, the cross-application for enforcement is DENIED with respect to Proposal 5 but is GRANTED with respect to the negotiable parts of Proposals 1 and 2.

---

[15] See also **American Federation of Gov't Employees**, 778 F.2d at 857 ("although the Labor-Management Act makes it an unfair labor practice to 'fail or refuse to cooperate in impasse procedures and impasse decisions . . .,' § 7116(b)(6), an agency is not guilty of an unfair labor practice if the FLRA or a reviewing court later determines that the issue was nonnegotiable"); **Dept. of Treasury, BATF**, supra (agency did not commit an unfair labor practice in implementing an Order while Impasses Panel proceedings were pending because the Order was not subject to the duty to bargain).